# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELMER ANTONIO GALVAN-GIRAN, | * |
| Petitioner | * |
| v | *          Civil Action No. ELH-18-1596 |
| WARDEN, RICKY FOXWELL, STATE OF MARYLAND, HOWARD COUNTY, | *  * |
| Respondents | * |

***

## MEMORANDUM

Elmer Antonio Galvan-Giran, a Maryland prisoner, has filed a *pro se* petition for writ of habeas corpus.  ECF 1 ("Petition").  Respondents have filed a "Limited Answer" (ECF 10), supported by exhibits.  They seek dismissal of the Petition on the ground that it is untimely.  On January 14, 2019, I granted petitioner additional time to show that the petition is timely or that he is entitled to equitable tolling of the statute of limitations, and cautioned that failure to comply would result in dismissal of this case.  ECF 11.  The time for providing such information has long passed, and petitioner has not responded.[1]

No hearing is necessary.  *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *see Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing).  For the reasons set forth below, the Petition will be dismissed as untimely and a certificate of appealability shall not issue.

---

[1] The Order sent to Petitioner (ECF 11) was not returned to the Court as undelivered.

## I.       Background

Petitioner was an inmate at Eastern Correctional Institution when he filed his Petition.  He is presently incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland.[2]  He collaterally challenges his conviction in 2005 for first degree murder, pursuant to his guilty plea in the Circuit Court for Howard County, Maryland.  ECF 1 at 1, 5-6.[3]  Petitioner was sentenced on December 21, 2005, to life in prison, with all but 35 years suspended, to be followed by five years of probation.  ECF 10-1 at 10, 13.  Petitioner filed a timely motion to reconsider his sentence under Maryland Rule 4-345(e).  In 2010, the term of probation was stricken from his sentence.  ECF 10-1 at 6, 7.

Following his conviction, petitioner filed an application for leave to appeal.  *See* Md. Code, § 12-302(e)(2) of the Courts and Judicial Proceedings Article (stating that appellate review of a guilty plea is sought by application for leave to appeal).  The Maryland Court of Special Appeals summarily denied the application by opinion on May 18, 2006, and the mandate issued on July 10, 2006.  ECF 10-1 at 25-27.

On January 18, 2006, while Petitioner's application for leave to appeal from the guilty plea was pending, petitioner filed a pro se motion for reconsideration of his sentence under Maryland Rule 4-345(e), followed by another filed with the assistance of counsel on January 26, 2006.  ECF 10-1 at 9.  The circuit court held two hearings, one on December 10, 2010, and the other on January 3, 2011, and struck the 5-year term of probation but otherwise maintained the terms of the original sentence. ECF 10-1 at 6, 7.  Petitioner did not appeal, and Respondents assert that an appeal from

---

[2]  *See* http://dpscs.maryland.gov (viewed June 3, 2020).  Petitioner is reminded that he is required to maintain a current address with the court while his case is pending. Local Rule 102.1.b.iii (D. Md. 2018).

[3]  I cite to the pagination assigned by the CM-ECF system.

this partial denial would not have been permitted under Maryland law.[4]  ECF 10 at 4-5 (citing *Hoile v. State*, 404 Md. 591, 948 A.2d 30, 44 (2008); *State v. Rodriguez*, 125 Md. App. 428, 725 A.2d 635, 642 (1999) ("As a general rule, '[a] motion to modify or reduce a sentence is directed to the sound discretion of the trial court and is not appealable.'") (quoting *State v. Strickland,* 42 Md. App. 357, 359 (1979)).

Petitioner filed a petition for post conviction relief on December 13, 2013.  On August 20, 2014, the circuit court granted his motion to withdraw the petition, without prejudice.  ECF 10-1 at 4, 6.

On March 15, 2018, petitioner filed an untimely motion reconsideration of his sentence under Maryland Rule 4-345(e) (requiring the filing of a motion for sentencing reconsideration within 90 days from the date on which the challenged sentence is imposed); *see also Tolson v. State,* 201 Md. App. 512, 517-18, 29 A.3d 1059, 1062 (2011) (circuit court does not acquire jurisdiction to reconsider sentence if a motion is not timely filed within 90 days of sentencing). The circuit court denied the motion on April 17, 2018.  ECF 10-1 at 2.

The Petition was filed pursuant to 28 U.S.C. § 2254 and considered filed on the date it was signed by petitioner and presumably given to prison officials for mailing, *i.e.*, May 24, 2018.  ECF 1 at 6; *see Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F.Supp. 917, 919-20 (D.Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the

---

[4]  More recently, in *Mitchell v. Green*, 922 F.3d 187, 193 (2019), the United States Court of Appeals for the Fourth Circuit observed:

> [S]ubsection (a) of Rule 4-345 allows a court to "correct an illegal sentence at any time." *See* Md. R. 4-345(a). Although a Rule 4-345 motion to correct an illegal sentence is subject to appellate review, a Rule 4-345 motion to reduce sentence generally "is directed to the sound discretion of the trial court and is not appealable." *See Hoile v*. State, 404 Md. 591, 948 A.2d 30, 44 (2008) (quoting *State v. Rodriguez*, 125 Md. App. 428, 725 A.2d 635, 642 (Md. Ct. Spec. App. 1999)).

mailbox rule).  In the Petition, petitioner alleges that: (1) his plea agreement is "null and void" because he is from Honduras, and the "the State failed to provide [him]] with adequate legal help due to his inability to understand the English language;" (2) "INS has issued a Detainer for [his] removal," in violation of his plea agreement with the State of Maryland, and even though his children were born in the United States; (3) defense counsel failed to secure a translator to provide petitioner with "the bacis [sic] fundamental right to be able to file pro se petitions" that would have satisfied procedural requirements; and (4) his rights under the Vienna Convention were violated. ECF 1 at 5-6.

## II.    Discussion

A one-year "period of limitation" applies to habeas petitions for a person convicted in a State court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011).  The one-year limitation period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year limitation period begins to run when direct review of the State conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date.  *See id.*  However,

the one-year limitation period is tolled statutorily when a properly filed post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *see also Wall*, 562 U.S. at 549; *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). Further, the statute of limitations may be subject to equitable tolling under "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 634 (2010).

To be entitled to equitable tolling, a petitioner must establish that some wrongful conduct by respondent contributed to his delay in filing or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. Equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris*, 209 F.3d at 330); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).  Thus, a petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

For the purpose of assessing the date when the one-year limitation period commenced, the date the judgment of conviction became final applies, as none of the other enumerated circumstances pertain to this case.  28 U.S.C. § 2244(d)(1)(A).  According petitioner the benefit of the latest possible date, judgment became final when the circuit court granted in part the 2006 motion to reconsider sentence, assuming striking the term of probation produced a new judgment of conviction that restarted the limitation period.  *See Howard v. Nero,* AW-10-1811, 2010 WL

3824101, at *1 n.1 (D. Md. Sept. 27, 2010) (noting the possibility that the statute of limitations may begin to run anew from a judgment entered after a successful motion for sentencing reconsideration under Maryland Rule 4-345(e), but not deciding the question because it would not alter the outcome); *cf. Burton v. Stewart,* 549 U.S. 147, 156-57 (2007) (dicta stating that when an appellate court remands for resentencing, the limitations period does not begin until both the conviction and the resentencing claims are final on direct review); *Woodfolk v. Maynard*, 857 F.3d 531, 542-43 (4th Cir. 2017) (same).  Under this analysis, respondents assert that the judgment became final on the day it was entered, January 3, 2011, because the new judgment, favorable to petitioner in part, was not appealable under Maryland law.  ECF 10 at 10.[5]

Thus, the limitations period was triggered on January 3, 2011, and expired one year later, on January 3, 2012.  But, petitioner did not file his Petition until May 24, 2018, more than six years after the one-year period had expired.  Between January 3, 2011 and January 3, 2012, application for State postconviction or other collateral review was pending, so as to toll the limitations period. By the time petitioner initiated State post conviction proceedings or filed his 2018 motion to reconsider sentence, the limitations period had long elapsed.

Petitioner does not argue that equitable tolling applies here.  Nor does he allege that extraordinary circumstances prevented him from filing a timely federal habeas Petition.  Construed liberally, the Petition may suggest that Petitioner's limited comprehension of English prevented him from filing a timely federal petition.  ECF 1 at 5.

Circuits are split on whether a petitioner's difficulty with the English language provides a basis for equitable tolling.  *Compare Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) ("An

---

[5]  Generally, a party has thirty days to appeal from a final judgment.  Md. Rule 8-202(a). Even if appeal from judgment were available, petitioner did not note an appeal and the time to do so would have expired thirty days later, without altering the analysis.

inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."), and *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (concluding that a petitioner's "illiteracy" did not amount to an extraordinary circumstance sufficient to warrant equitable tolling), with *Pabon v. Mahanoy*, 654 F.3d 385, 399-401, 401 n.24 (3d Cir. 2011) (concluding inability to read or comprehend English and denial of access to translation assistance provided grounds for  equitable tolling), and *Mendoza v. Carey*, 449 F.3d 1065,1069 (9th Cir. 2006) (concluding that a lack of access to Spanish-language legal materials and a translator may provide a basis for equitable tolling).

To my knowledge, the United States Court of Appeals for the Fourth Circuit has not expressly ruled whether a petitioner's inability to read or write English could justify equitable tolling.  But, in *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004), the Court determined that a petitioner's "language difficulties" did not justify equitable tolling because "the record flatly refutes the argument."  *Id.* at 512-13. Sosa had stated in his Presentence Investigation report that he considered his English skills to be "excellent," and the complexity and clarity of his many court filings, all written in English, foreclosed a finding of a lack of language proficiency to warrant equitable tolling.  *Id.* at 513.

Here, the record shows that language difficulties did not prevent petitioner from filing motions for reconsideration, motions for post conviction relief, an application for leave to appeal, or the instant Petition.  These filings demonstrate Petitioner's ability to file his claims by himself or obtain meaningful assistance to do so.  Further, Petitioner does not explain how lack of proficiency in English prevented him from filing the Petition within the one-year period. *See Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he diligence requirement of equitable tolling

imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency.").

For these reasons, I conclude that petitioner has not satisfied his burden to show that any language challenges posed extraordinary circumstances warranting equitable tolling of the statutory deadline.

### III.   Certificate of Appealability

When the district court dismisses or denies a petition for a writ of habeas corpus, an inmate may appeal the ruling only upon the issuance of a certificate of appealability. 28 U.S.C. §2253(c)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  When a petition is denied on procedural grounds, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A certificate of appealability shall not issue because this standard has not been met. Petitioner is advised, however, that he may ask the Fourth Circuit to issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.   Conclusion

For the reasons set forth above, I shall dismiss the Petition as time-barred.  A Certificate of Appealability shall not issue.  A separate Order follows.


June 8, 2020                              _____/s/_____
Date                                     Ellen L. Hollander
                                         United States District Judge

8