## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELMER ANTONIO GALVAN-GIRAN, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-18-1596 |
| WARDEN, ECI RICKY FOXWELL, STATE OF MARYLAND, HOWARD COUNTY, | * * | |
| Respondents | * | |

\*\*\*

## **MEMORANDUM**

On June 8, 2020, I dismissed as time-barred Elmer Antonio Galvan-Giran's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. He challenged his 2005 conviction following his guilty plea in the Circuit Court for Howard County, Maryland, to first degree murder. ECF 13. On July 15, 2020, petitioner submitted a filing titled "Relief from Judgment or Order" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking "revision" of the dismissal order. ECF 15.

On January 11, 2019, respondents filed a "Limited Answer" seeking dismissal of the petition as time-barred. On January 14, 2019, I granted petitioner additional time to file a response to show that the petition was timely or that he was entitled to equitable tolling of the one-year statute of limitations. ECF 11. Petitioner did not file a response. When I dismissed the petition, the time for petitioner to file a response had long passed, and I noted that the Order sent to petitioner (ECF 11) granting him time to respond had not been returned to the Court as undeliverable. ECF 12, n. 1.

The petition advanced no claim that equitable tolling applied or extraordinary circumstances prevented petitioner from filing a timely federal habeas petition. Noting that petitioner stated in the petition that "from the beginning he needed a Spanish Translator and has never received one to file any state remedies required to exhaust" and his "lack of English language both reading and writing has prevented this petitioner the basic fundamental and rights of laws required to all humans," (ECF 1 at 5-6), I construed the petition to assert that petitioner's purported limited English language skills may have prevented the timely filing of his federal petition. *Id*. at 5. I concluded, however, that the record showed that language difficulties did not prevent petitioner from filing motions for reconsideration, motions for postconviction relief, an application for leave to appeal, or the instant petition. ECF 12 at 6. Rather, these filings demonstrated petitioner's ability to file claims by himself or obtain meaningful assistance to do so. *Id.* at 6-8. Further, petitioner did not explain how lack of proficiency in English prevented him from filing his federal habeas petition within the one-year period, despite diligence in pursuing his claims. Given these circumstances, I concluded that petitioner did not satisfy his burden to show that language challenges posed extraordinary circumstances to warrant equitable tolling. *Id*.

Petitioner contends that he did not receive the court's Order of January 14, 2019, which granted him time to respond. ECF 15. Further, he states that he did not receive the Order that dismissed the petition until "almost the beginning of July of 2020." *Id.*

Petitioner was required to maintain a current address with the court while his case was pending. Local Rule 102.1.b.iii (D. Md. 2018). Petitioner did not notify the court of his new address when he was transferred to another institution. He states that he "is uncertain which facility he then resided in, but [he] emphatically assert[s] that he never received such orders." ECF 15 at 5.

2

On June 8, 2020, the Clerk mailed to petitioner the Memorandum and Order dismissing the case. ECF 12; ECF 13. They were sent to him at Eastern Correctional Institution, the last address he provided to the court. ECF 11-14; ECF 1 at 1; ECF 1-1. That mailing was returned to the court on June 23, 2020, with the envelope marked "RCI" and "Not at this Address Return to Sender Refuse Unable to Forward." ECF 14-1. Court staff checked the Maryland Inmate Locator[1] to ascertain that petitioner is at Roxbury Correctional Institution ("RCI"). Thereafter, on June 24, 2020, the Memorandum and Order were resent to petitioner at RCI. Notably, petitioner makes no assertion about lack of receipt of the Limited Answer.

Petitioner asks the court to provide him with a copy of the Order of January 14, 2019. He also seeks an opportunity to respond to the Limited Answer. *Id.*

Rule 60(b) provides that a court may relieve a party from an adverse judgment upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could have been discovered; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Although the "catchall" provision of the Rule—"any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6)— "includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances[.]' " *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Petitioner does not specifically assert any of the reasons for reconsideration enumerated in Rule 60(b). Therefore, I will consider his arguments under the "catchall" provision. Petitioner will be sent a copy of the Order of January 14, 2019, as requested, and will be allowed twenty-

---

[1] *See* http://dpscs.maryland.gov/services/inmate.

eight days to supplement his request for reconsideration to provide his reasons why the petition is timely or why equitable tolling applies.

    An Order follows.

Date: September 15, 2020             /s/
                                                             Ellen L. Hollander
                                                             United States District Judge