### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

ELMER ANTONIO GALVAN-GIRAN,

    Petitioner,

    v.                              Civil Action No.:  ELH-18-1596

RICKY FOXWELL, WARDEN, E.C.I.
STATE OF MARYLAND/HOWARD
    COUNTY,

    Respondents.

### MEMORANDUM

Petitioner Elmer Antonio Galvan-Giran has filed a request for reconsideration, titled "Relief from Judgement or Order."  ECF 15.  He seeks "revision" of this Court's dismissal (ECF 12, ECF 13) of his Petition for Writ of Habeas Corpus (ECF 1).

Petitioner was granted an extension to supplement his request to provide reasons why his Petition was timely filed or why equitable tolling applies.  ECF 21), and he filed his supplement on November 9, 2020.  ECF 22.

No hearing is necessary.  Local Rule 105.6.  Upon consideration of petitioner's request, I find that petitioner has not stated grounds for reconsideration.

### I.      Background

On May 31, 2018, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF 1.  Respondents filed a Limited Answer (ECF 10), with exhibits, on January 11, 2019.  I dismissed the Petition as time-barred on June 8, 2020.  ECF 12, ECF 13.  I noted that the record showed petitioner's language difficulties did not prevent him from filing motions for reconsideration, motions for post-conviction relief, an application for leave to appeal, or his

Petition.  ECF 12 at 7.  Additionally, petitioner had not provided any explanation as to how a lack of proficiency in English prevented him from filing the Petition within the one-year statutory period.  *Id.*  at 7-8.

On July 15, 2020, petitioner filed a motion titled "Relief From Judgement Or Order."  ECF 15.  It is premised on Fed. R. Civ. P. 60(b).  He seeks revision of the dismissal Order of June 8, 2020.  *Id.*  By Memorandum and Order of September 15, 2020, I granted petitioner the opportunity to supplement his request for reconsideration, to explain why his Petition was either timely or subject to equitable tolling.  ECF 17; ECF 18.  As I said in the Memorandum issued September 15, 2020, I would consider petitioner's arguments under the "catchall" provision of Rule 60, as petitioner has not specifically asserted any of the other reasons for reconsideration as the basis for his request.  ECF 17.

In petitioner's supplement to his request for reconsideration (ECF 22), he asserts that the issue presented to the court is whether his need for a Spanish translator caused delays warranting equitable tolling.  *Id.* at 4.  Petitioner explains that he is from Honduras and his "ability to read or interpret English is and was limited."  *Id.* at 1.  Additionally, Petitioner states: "Without essential representation, and someone explaining the essential basics of the ritualistic requirements, the defendant is lost…"  *Id.* at 3.  However, beyond these conclusory statements, petitioner does not provide any further explanation of how his need for a translator prevented him from timely filing the Petition.

## II.    Discussion

Rule 60(b) provides that a court may relieve a party from an adverse judgment upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could have been discovered; (3) fraud; (4) the judgment is

void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Although the "catchall" provision of the Rule—"any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6)— "includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances[.]'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Moreover, to be entitled to equitable tolling, a petitioner needs to establish that either some wrongful conduct by respondents contributed to his delay in filing the petition or that circumstances beyond his control caused the delay.  *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).  Equitable tolling is only available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris*, 209 F.3d at 330); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Thus, a petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

Petitioner does not demonstrate in either the request for reconsideration or his supplement that he diligently pursued his rights.  He provides no explanation as to what, if any, impediment caused the more than six-year delay in filing the Petition, following the expiration of the one-year time period.   As such, petitioner fails to establish that he is entitled to equitable tolling.  Nor has he shown any other extraordinary circumstances to demonstrate that he is entitled to relief under Civil Rule 60(b).

Therefore, I shall deny the motion for reconsideration.

An Order follows.  The Court previously denied a Certificate of Appealability, for the reasons stated in ECF 12 at 8.[1]  That assessment remains unchanged.

Date:  April 22, 2021

_____/s/_____
Ellen L. Hollander
United States District Judge

---

[1] Notwithstanding this Court's unwillingness to issue a Certificate of Appealability, Petitioner may seek a Certificate of Appealability from the U.S. Court of Appeals for the Fourth Circuit.